OPINION
Harry Edgar Rice, III, as executor of the estate of his mother, and as the owner by inheritance from his mother of an undivided one-half interest in the real estate located at 530 South Main Street, in the City of Urbana, Champaign County, Ohio, is appealing from the judgment entered against him on his complaint against defendants-appellees. He filed a complaint against defendants-appellees, Charles R. Taylor and Kathy J. Taylor, husband and wife, who own the real estate located next door at 522 South Main Street. The complaint alleged that there is a common driveway between the two properties; the driveway was a prescriptive easement; and that defendants were blocking that easement.
After a trial to the Common Pleas Court of Champaign County, the court issued its decision and made the following findings of fact and law:
 "Trial to the Court was held on Monday, October 15, 2001. Each party was present with counsel. Testimony was presented and evidence admitted. Closing arguments were presented, and the case was held under advisement.
 "Upon consideration of all matters in the case, the Court makes the following determinations:
 "1. Plaintiff owns the real property located at 530 South Main Street.
 "2. Defendants owns [sic] the real property located at 522 South Main Street.
"3. The two pieces of real property are contiguous.
 "4. The parties stipulate that Plaintiff and his predecessors have maintained continuous ownership of the real estate located at 530 South Main Street, Urbana, Ohio since 1913.
 "5. The parties stipulate that there is no written easement of record for either property.
 "6. The parties stipulate that all material in the case folder is to be considered as evidence in this case.
 "7. Plaintiff seeks a Court order that Plaintiffs have an easement over Defendant's property as a driveway for ingress and egress to the Plaintiff's property.
 "8. Plaintiff seeks an order enjoining the Defendants from interfering with the use of the driveway.
 "9. Plaintiff seeks damages for trespass, diminution of property value, and nuisance.
 "10. Plaintiff seeks an award of attorney's fees and court costs.
 "11. Defendant seeks a Court order that denies the requests of Plaintiff.
 "12. The elements to establish a prescriptive easement are as follows:
"A) The land in question was used openly.
"B) The land in question was used continuously.
 "C) The land use was adverse to the property rights of the opposing party.
"D) The land use was notorious.
"E) The land use was for at least 21 continuous years.
 "13. Ohio case law has determined that the burden of proof to establish a prescriptive easement is upon Plaintiff and the degree of proof is clear and convincing.
 "14. If the elements of prescriptive easement are established, the burden of establishing the defense of permissive use is on the Defendant and the degree of proof is preponderance.
 "15. Permissive use is not adverse use and does not become adverse use just by the passage of time.
 "16. Based on the evidence presented, the Court finds that the land use by Plaintiff and predecessors was open.
 "17. The Court finds based on the evidence that the land use by Plaintiff and predecessors was continuous.
 "18. The Court finds that the land use was notorious based on the evidence presented.
 "19. The Court finds that the land use was for more than 21 years.
 "20. The Court finds that the land use by the Plaintiff was not adverse to the property rights of the Defendants.
 "21. The only issue of significance in the opinion of the Court was the question of adverse use.
 "22. The Court finds that Plaintiff did not sustain the burden of proof to establish adverse use.
 "23. The Court finds from the evidence the nature of the evidence is such that the land use by Plaintiff and predecessors was permissive.
 "24. The evidence shows that the various landowners cooperated in the joint application of gravel to the driveway.
 "25. Permission to use can be implied or express. There was no testimony as to express use.
 "26. The conduct of the parties during the history of the predecessors indicated more than acquiescence in the use of the land.
 "27. The Court finds that possession or use of land which is permissive does not become an adverse use without some specific change in the conduct of the parties. Ohio case law supports that finding.
 "28. The evidence does not support claims that the Plaintiff and predecessors in title were acting adversely to the claims of Defendant's predecessors in title.
 "29. The Court finds that there is no easement by prescription.
 "30. An interesting factor in the case is that even if the use by Plaintiff and predecessors is adverse, there has not been the requisite number of years to establish adverse use of the driveway from Main Street to the alley. A garage building was located in the midst of the driveway and the foundation and cement pad of that building still exist in the driveway. Such location of a building in the driveway would mean that access to the alley was impeded.
 "31. No evidence has been presented as to diminution in value of the real estate so as to support an award of damages for the Plaintiff.
 "32. No evidence has been presented to establish a basis for awarding of court costs or attorney fees.
 "33. The Court finds that the Defendants acted upon advice of counsel in pursuing their claim to the real estate in question.
 "34. The Court notes that the parties might want to consider an agreement between themselves as to use between the two occupants of the real estate and others. Such a use would involve placing a barrier at the end of the driveway on Defendants' property so that use of the driveway to the alley would not be available to third parties. Such an agreement would suggest that Defendants might then have access to the alley through the property of the Plaintiff on what has been described as "the dog-leg portion of the driveway."
 "35. Judgment is granted to the Defendants against the Plaintiff. Each party to pay their own attorney fees. Each party to pay one-half of the court costs."
On appeal, Mr. Rice brings the following sole assignment of error:
 "THE COURT ERRED IN ITS JOURNAL ENTRY OF OCTOBER 16, 2001, BY HOLDING THAT THE LAND USE BY APPELLANT AT 530 SOUTH MAIN STREET WAS NOT A PRESCRIPTIVE EASEMENT OVER THE DRIVEWAY AT 522 SOUTH MAIN STREET DUE TO THE FACT THAT WAS A PERMISSIVE USE AND, THEREFORE, NOT ADVERSE."
As the court notes in its paragraph 21, the only significant issue in the case was the question of whether the use by the appellant and predecessors in title was adverse to the owner of the driveway, the appellees, and their predecessors in title. To acquire an easement by prescription, the claimant must demonstrate open, notorious, continuous and adverse use for a period of twenty-one years. 2 Ohio Jurisprudence (1998), Adverse Prescription, Section 10. We find, as did the trial court, that the record before us, primarily the transcript of the trial, demonstrates that the use of the driveway by non-owners was permitted and acquiesced in by the owners of the land over which the driveway runs. There was considerable testimony to this effect. See Tr. 18, 25, 36, 53, 56, 60, and 97.
Until the Taylors started to block the driveway after they acquired their property, there was no evidence of any objection by the Taylors and predecessors in title to the use of the driveway by the adjoining homeowners. In fact, the Taylors only began to block the driveway when they realized it was being used by non-residents of the neighborhood who would speed over it recklessly for the purpose of reaching other areas of the city. This is the situation addressed by the court in its finding in number 34.
To acquire a prescriptive easement, the party claiming it must prove by clear and convincing evidence, open, notorious, continuous, and adverse use for a period of twenty-one years. See Alpha Church of the Nazarenev. Hoos (Oct. 29, 1999), Greene App. No. 99CA0036. The judgment of the trial court is clearly supported by some competent, credible evidence going to all the essential elements of the case and will not be reversed by a reviewing court as being against the manifest weight of the evidence. C. E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus. Not only is there no clear and convincing evidence to support the claim of Mr. Rice and his co-owner, but, in fact, there is a dearth of evidence that the use by Rice and his family of the driveway was ever hostile or adverse to the next door owners of the driveway. Thus, the necessary element of adverse use was not proven by clear and convincing evidence. The single assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and GRADY, J., concur.